**NONPRECEDENTIAL DISPOSITION**

To be cited only in accordance with Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted May 24, 2021[*]
Decided May 28, 2021

**Before**

DAVID F. HAMILTON, *Circuit Judge*

MICHAEL Y. SCUDDER, *Circuit Judge*

THOMAS L. KIRSCH II, *Circuit Judge*

No. 20-3108

| | |
|---|---|
| UNITED STATES OF AMERICA, *Plaintiff-Appellee*, | Appeal from the United States District Court for the Southern District of Indiana, Indianapolis Division. |
| *v.* | No. 1:17-cr-00158-SEB-TAB-05 |
| JUSTIN BARNETT, *Defendant-Appellant*. | Sarah Evans Barker, *Judge*. |

**O R D E R**

Two years ago, Justin Barnett pleaded guilty to conspiring to distribute heroin and was sentenced to 66 months' imprisonment. His plea agreement included a broad appeal waiver in which he "expressly agree[d] not to contest, or seek to modify" his sentence "in any later legal proceeding." But in light of the COVID-19 pandemic and his underlying health conditions, Barnett sought compassionate release under 18 U.S.C. § 3582(c)(1)(A). The district court denied relief, ruling that his motion was foreclosed by

---

[*] We have agreed to decide this case without oral argument because the briefs and record adequately present the facts and legal arguments, and oral argument would not significantly aid the court. FED. R. APP. P. 34(a)(2)(C).

the waiver in his guilty plea. Barnett appeals, raising three reasons why he should be allowed to seek compassionate release in these extraordinary circumstances. But we recently resolved these issues in *United States v. Bridgewater*, 995 F.3d 591, (7th Cir. 2021), so we dismiss the appeal.

Barnett first argues that his appeal waiver does not apply to motions for compassionate release because it does not explicitly mention them. But in *Bridgewater*, we confirmed that a similarly worded waiver—of the right to "seek modification of . . . any aspect of the . . . sentence"—extends to compassionate-release motions under § 3582(c)(1)(A). *Id*. at 593.

Next, Barnett argues that the waiver was not knowing or voluntary because he could not have foreseen the COVID-19 pandemic. But the record of Barnett's Rule 11 colloquy shows that he understood the rights he was waiving. Among other assertions, he agreed that he "read the entire Plea Agreement and discussed it with [his] attorney" and "underst[ood] all the terms of the Plea Agreement." In *Bridgewater*, we reiterated that we enforce waivers like Barnett's in unforeseen circumstances that arise after the plea agreement was made. *See id.* at 600. A plea agreement is a bargain, and in exchange for his plea and waiver of the right to challenge his sentence, the government allowed Barnett to plead guilty to a lesser-included offense of only one of the counts on which he was indicted and dismissed the other count. Now, Barnett "wants the benefits of the existing agreement but not the principal detriment." *Id.* at 602.

Finally, Barnett argues it would be unconscionable and against public policy to interpret the waiver to preclude motions for compassionate release. We rejected this argument, too, in *Bridgewater*, because statutory rights are generally waivable in plea agreements and compassionate-release waivers serve the government's interests in finality and efficient use of resources. *Id.* at 601.

One final note—Barnett suggests that his waiver may be invalid because he received ineffective assistance of counsel at the time. But that would require a timely collateral attack on his original judgment under 28 U.S.C. § 2255. The statute he has used here, 18 U.S.C. § 3582(c)(1)(A), does not offer a path to attack a conviction, only to "modify a term of imprisonment."

DISMISSED